Dong v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of August, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

––––––––––––––––––––––––––––––––––––

| | |
|---|---|
| MEI YUN DONG v. HOLDER,<br>A088 527 713 | 10-3007 |

––––––––––––––––––––––––––––––––––––

| | |
|---|---|
| HUANG LIN v. HOLDER,<br>A089 252 035 | 10-4837 |

––––––––––––––––––––––––––––––––––––

| | |
|---|---|
| YAN RONG LIU v. HOLDER,<br>A079 298 642 | 10-5046 |

––––––––––––––––––––––––––––––––––––

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby

ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED in part and DISMISSED in part.

Each of these petitions challenges a decision of the BIA that: (1) affirmed the decision of an immigration judge ("IJ") denying asylum and related relief; and (2) denied in the first instance a motion to remand. The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, sought relief from removal based on their claims that they fear persecution because they have had one or more children in the United States, which they contend is in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, we find no error in the agency's decisions. *See id.* at 158-72.

In *Mei Yun Dong v. Holder*, No. 10-3007, and *Huang Lin v. Holder*, No. 10-4837, we lack jurisdiction to review the agency's pretermission of petitioners' applications for asylum as untimely under 8 U.S.C. § 1158(a)(2). *See* 8 U.S.C. § 1158(a)(3). In *Yan Rong Liu v. Holder*, No. 10-5046, we lack jurisdiction to consider petitioner's unexhausted argument that she is eligible for CAT relief.

*See* 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir. 2003)).

For the foregoing reasons, these petitions for review are DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk